**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
                                                                    :
YOLANDA MCKNIGHT, on behalf of herself and :
all others similarly situated,                          :
                                                                    :
                            Plaintiff,                       :   Civil Action No.
                                                                    :
vs.                                                             :   **CLASS ACTION COMPLAINT AND**
                                                                    :   **JURY TRIAL DEMAND**
ADVANCED CAPITAL SOLUTIONS, INC., GS :
HOLDINGS, LLC, and NICK GALBO,           :
                                                                    :
                            Defendants.                   :
                                                                    :
——————————————————  X


Plaintiff YOLANDA MCKNIGHT (hereinafter "Plaintiff"), on behalf of herself

and all others similarly situated, by and through her undersigned attorney, alleges against

the above-named Defendants ADVANCED CAPITAL SOLUTIONS, INC., GS

HOLDINGS, LLC and NICK GALBO (hereinafter collectively "Defendants"), and their

respective employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Hudson County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Defendant ADVANCED CAPITAL SOLUTIONS, INC. ("ADVANCED

CAPITAL SOLUTIONS")  is an Ohio Corporation, with its principal place of business located in North Canton, Ohio, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. ADVANCED CAPITAL SOLUTIONS operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant ADVANCED CAPITAL SOLUTIONS was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

9. Defendant GS HOLDINGS, LLC ("GS HOLDINGS") is a New York limited liability company with its principal place of business located at 485 Cayuga Road HB403, Cheektowaga, New York 14225 that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

10. GS HOLDINGS operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant GS HOLDINGS was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

11. Based upon information and belief, Defendant NICK GALBO is the proprietor and operator of GS HOLDINGS, and is responsible for the policies and

procedures of the company, including those giving rises to one or more of Plaintiff's causes of action.

12.     Defendant GS HOLDINGS is a bad debt buyer that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as ADVANCED CAPITAL SOLUTIONS. Defendant GS HOLDINGS principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

13.     Based upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received communications from the Defendants which are in violation of the FDCPA, as described in this Complaint.

15.     This Action is properly maintained as a class action. The Class consists of:

**Class 1**

•     All New Jersey consumers who were sent collection letters and/or notices from any Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

4

**Class 2**

- All New Jersey consumers who received telephone calls from any Defendant and which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters, telephone calls and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard communications that were made to hundreds of persons, including voicemail messages and collection letters such as attached Exhibit A.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendants violated various provisions of the FDCPA.

    b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who

6

could not otherwise afford to seek legal redress for the wrongs
complained of herein.  Absent a Class Action, class members will
continue to suffer losses of statutory protected rights as well as
monetary damages.  If the Defendants' conduct is allowed to proceed
without remedy it will continue to reap and retain the proceeds of its
ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire
Class, thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined by 15 U.S.C. §1692a(3).

17.     Defendants collect and attempt to collect debts incurred or alleged to have
been incurred for personal, family or household purposes on behalf of creditors using the
United States Postal Service, telephone and/or the Internet.

18.     Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

19.     At some time prior to June 21, 2019, Plaintiff allegedly incurred a
financial obligation ("the Debt") to the JC Penney Department Store Company ("JC
Penney").

20.     The Debt arose out of a transaction in which money, property, insurance
or services, which are the subject of the transaction, are primarily for personal, family or
household purposes.

21.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     JC Penney is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23.     At some point in time prior to June 21, 2019, the Debt was assigned transferred, sold or assigned to directly or through one or more intermediaries to GS HOLDINGS, LLC ("GS Holdings") from JC Penney.

24.     At some point prior to June 21, 2019, the Debt was assigned by GS HOLDINGS to ADVANCED CAPITAL SOLUTIONS for purposes of collection.

25.     On or about June 21, 2019, Plaintiff received a collection letter from Defendants.  See, attached Exhibit A.

26.     Based upon information and belief, the June 21, 2019 collection letter was Defendants' initial communication with Plaintiff.

27.     However, the June 21, 2019 failed to include the disclosure required by section 1692g of the FDCPA.

28.     Additionally, the June 21, 2019 letter indicated that the current balance was $444.13.

29.     However, based upon information and belief the current balance included interest, penalties, late fees and other charges which Defendants were not entitled to collect.

30.     In fact, at the time that the June 21, 2019 collection was mailed out, Defendant GS HOLDINGS was not entitled to seek payment nor collect interest for any consumer loans since it was not a New Jersey licensed consumer lender.  See, Veras v. LVNV Funding, LLC, 2014 WL 1050512, (D. N.J. Mar. 17, 2014).

31.     Additionally, the June 21, 2019 letter requires Plaintiff to respond with a 24 hour period, thereby creating a false sense of urgency, especially since Defendants

sent similar letters dated June 21, June 26, July 1, September 4, September 23 and September 27, 2019.

32.     On or about September 26, 2019, Plaintiff's son received a recorded message on his cell phone from Defendants which stated,

> "This urgent message is intended for Yolanda McKnight.  My name is Mrs. Pleasant with Advanced Cap.  I am reaching out to you in regards to your account that was submitted over to me as a direct refusal to pay.  Now because of this your account is due to go to the verification team for a dispute to be filed against you. You do have until 9 o'clock Eastern -- I am sorry, 3 pm Eastern time tomorrow to return the call and cease any further action against you.  The Toll Free number here is 844-853-4854, extension 1118.

33.     Plaintiff's son's cell phone was used exclusively by Plaintiff's son and was not used by Plaintiff.

34.     The voicemail message falsely indicated that a dispute would be filed against Plaintiff.

35.     The voicemail message also deceptively and misleading conveyed a false sense of urgency that unless Plaintiff acted immediately, there would be consequences.

36.     The voicemail message failed to identify that this call was from a debt collector and that the call was an attempt to collect a debt.

37.     The voicemail message also failed to identify the full name of the debt collection company nor that the call was from a debt collection company or that the call was an attempt to collect a debt.

38.     Plaintiff never gave permission to Defendants to contact her at her son's telephone number.

39.     The voicemail message improperly disclosed information regarding

Plaintiff's debt to a third-party.

40.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

41.     Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

42.     Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

43.     Defendants violated Plaintiff's right to a trustful and fair debt collection process.

44.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding his or her rights under the FDCPA.

45.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

46.     Defendants' collection communications provided confusing and incorrect information causing Plaintiff a concrete injury in that Plaintiff was deprived of his or her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

47.     Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

48.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

49.     As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant'\s' failure to provide Plaintiff information required under the FDCPA.

50.     Plaintiff's receipt of a collection communication which provided incorrect, incomplete and confusing information constitutes a concrete injury.

51.     The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

52.     Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

53.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

54.     It is Defendants' policy and practice to communicate with consumers, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     contacting third-parties without permission;

11

(c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

55.     On information and belief, Defendants left voicemail messages substantially similar to the September 26, 2019 voicemail message to at least 30 natural persons in the State of New Jersey

56.     On information and belief, Defendants sent letters substantially similar to Exhibit A to at least 30 natural persons in the State of New Jersey

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

57.     Plaintiff repeats the allegations contained in paragraphs 1 through 56 as if the same were set forth at length.

58.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

59.     By communicating with Plaintiff as described herein, Defendant violated:

A.  15 U.S.C. §1692c(b), by communicating in connection with the collection of any debt with any person other than the consumer;

B.  15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding

money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect.

C.  15 U.S.C. § 1692e(2)(B) of the FDCPA by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

D.  15 U.S.C. § 1692e(5) of the FDCPA by threatening to take or taking an action that could not legally be taken.

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.  15 U.S.C. § 1692e(11) by failing to indicate that the communication were from a debt collector

G.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

H.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

I.  15 U.S.C. §1692g(a) of the FDCPA by failing to properly give the required notice.

## COUNT II

**(Violations of the Telephone Consumer Protection Act)**

60.     Plaintiff repeats the allegations contained in paragraphs 1 through 59 as if the same were set forth at length.

61.     Plaintiff is the sole subscriber of the cell Metro PC account bearing the phone number of (xxx) xxx-2819, and has been the sole subscriber of that account at all times relevant hereto.

62.     Plaintiff is the sole party financially responsible for the payment of the Metro PC account bearing the phone number of (xxx) xxx-2819, and has been the sole party financially responsible for that account at all times relevant hereto.

63.     Plaintiff is the regular and sole user of the cellular phone number (xxx) xxx-2819, and has been the regular and sole user of that phone number at all times relevant hereto.

64.     On information and belief, on a date better known to Defendants, Defendants began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages by calling his cell phone number of (xxx) xxx-2819 numerous times.

65.     Defendants specifically used an automated telephone dialing system and called Plaintiff at least 50 times beginning in June 2019 through November 2019.

66.     The Defendants called from numerous phone numbers, all of which numbers belongs to Defendants.

67.     The Plaintiff never gave the Defendants her prior, express permission to call her cell phone via the use of an automated telephone dialing system.

68.     Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer, and expressly directed Defendants or their predecessors to stop calling her cell phone number on numerous occasions.

69.     By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendants violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

70.     The Defendants therefore willfully violated the TCPA numerous times by placing calls to the Plaintiff's cell phone without his prior, express consent.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages.

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

(h) For mandatory statutory damages of $500 each, pursuant to 47 U.S.C. § 227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

(i) For enhanced trebled damages of $1500 per call to be awarded to the Plaintiff, in accordance with the TCPA for the Defendants' willful violations of the TCPA;


Dated:  Rutherford, New Jersey
          December 24, 2019

                              Respectfully submitted,



15

By: <u>s/ Lawrence C. Hersh</u>
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 24, 2019                    By: <u>s/ Lawrence C. Hersh</u>
Lawrence C. Hersh, Esq

EXHIBIT A

**Advanced Capital Solutions**
Phone: 888-742-7607



Physical Address:
5553 Whipple Rd NW #5
N. Canton, OH 44720

6/21/2019

YOLANDA MCKNIGHT
███████████
███████████

RE:

Creditor: GSHOLDINGS
Our Account No: ████97
Original Account No: ███6795
Original Creditor: JC PENNEY 2297
Current Balance: $444.13

 Please be advised that your ACH/Credit or Debit draft you previously scheduled with our office has been returned from your bank as non-sufficient funds or no account found.

The recovery of said items is required in our office.

Upon the receipt of your guaranteed funds, no further action will be taken in regards to the about referenced matter.

Failure to comply may cause further collection activity.

Please advise us within 24 hours of your decision.

If you have any questions relative to the above referenced, please do not hesitate to contact our office toll-free at the number listed on the top of this document, Monday through Thursday 8:00 am – 8:00 pm EST and Friday 8:00am-4:00 pm EST.  Please refer to the file number indicated above.


Federal law requires we notify to this is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose

PAYMENT TABLE

_____

| paymentamount | paymentdateformat | paymentstatus |
| --- | --- | --- |